UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

JOHN E. TAYLOR,                    )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    No. 07 C 0544
                                   )
DR. RODRIGUEZ, et al.,             )
                                   )
        Defendants.                )


                    **MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, health care providers at the jail, violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that he was denied needed care for chronic pain due to nerve damage from radiation treatment.

Defendants have moved to dismiss the complaint for failure to state a claim. It is well-established that courts must construe *pro se* complaints liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Under Rule 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 507, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Under Rule 8(a)(2), a plaintiff's "factual

allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 127 S.Ct. 1955, 1959 (2007)). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007).

## **FACTS**

Plaintiff is an inmate in the custody of the Cook County Department of Corrections. Defendants Sergio Rodriguez and John Raba are physicians at the jail. Drs. Rodriguez and Raba are also administrators of Cermak Health Services, the jail's health care department. Defendant Harriet Johnson is a patient scheduler.

Plaintiff alleges the following facts, which must be accepted as true for purposes of this motion: Plaintiff, who evidently has or had cancer, has sustained neurological damage due to radiation treatment. On August 22, 2006, Plaintiff met with two physicians at the Cook County Hospital's John Stroger Pain Clinic. The doctors informed Plaintiff that he would have to have a "number of visits" in order to address the constant pain he was experiencing. They directed Plaintiff to return to the clinic within thirty days.

After thirty days had passed and he had not been taken back to the Pain Clinic, Plaintiff wrote and spoke to various correctional officers and health care providers at the jail about his need to return to the Pain Clinic. Plaintiff also filed a grievance concerning the delay of medical treatment in order to ensure that Dr. Raba and Dr. Rodriguez would be made aware of his situation.

Although the Appeal Board that reviews grievances specifically directed the prison staff to send Plaintiff to the Pain Clinic in December 2006, he was "still waiting" to see a physician

over five months later when he initiated this action at the end of January 2007. According to Plaintiff's response to Defendants' motion to dismiss, he eventually was taken to the Pain Clinic on February 6, 2007, over six months after his initial visit in August 2006.

## ANALYSIS

Accepting Plaintiff's allegations as true, Plaintiff has articulated a colorable Fourteenth Amendment claim against Defendants. In other words, Plaintiff 's factual allegations "raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1959.

### I. Individual vs. Official Capacity

Plaintiff is suing Defendants in their individual capacities. Contrary to Defendants' argument, Plaintiff's omission of the phrase "individual capacity" does not necessarily render this solely an official capacity suit. *See, e.g., Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991); *see also Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000) (rejecting the presumption that Section 1983 Plaintiffs who fail to designate whether a Defendant is sued in his or her individual or official capacity intended an official capacity suit). Plaintiff is not alleging an official policy, custom or practice underlying the purported delay in medical care. Rather, he maintains that Defendants were personally responsible for denying him access to the Stroger Pain Clinic for months, in violation of his constitutional rights. His allegations are sufficient to assert claims against Defendants in their individual capacities.

### II. Deliberate Indifference

It is well-settled that the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir.

2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the health care provider must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

Plaintiff's allegations support that his need for treatment of his pain amounted to a "serious" medical need. A medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention" may constitute a serious medical need. *Edwards v. Snyder*, 478 F.3d 827, 830 -831 (7th Cir. 2007)[1] (*quoting Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (indications of a serious medical need include the existence of chronic and substantial pain). In this case, Plaintiff states that he was in constant pain on account of the nerve damage associated with his radiation treatment; he additionally claims that doctors at the Pain Clinic specifically told him that he needed to return for further treatment. Because Plaintiff describes an arguably serious medical condition, the objective component is satisfied.

Plaintiff has also sufficiently pleaded the subjective component. To satisfy the subjective prong of deliberate indifference, Plaintiff must allege that the health care provider in question was aware of and consciously disregarded the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223

---

[1] The Court is citing certain Eighth Amendment cases in this order. The same standard of deliberate indifference applies to claims brought under the Fourteenth Amendment. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999).

4

F.3d 605, 610 (7th Cir. 2000). The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *see Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), as well as the refusal to provide pain medication prescribed by a doctor. *See Ralston v. McGovern,* 167 F.3d 1160, 1162 (7th Cir. 1999). Here, Plaintiff alleges that his repeated requests for treatment of his pain went ignored for months (not thirty days, as Defendants maintain). Plaintiff's alleged endurance of needless pain while treatment was delayed is sufficient to state a claim against jail health care providers. *See, e.g., Williams v. Leifer*, ___ F.3d ___, 2007 WL 1932475, at *4 (7th Cir. Jul. 5, 2007) (a jury could have concluded that a delay in medical treatment unnecessarily prolonged Plaintiff's pain and may have exacerbated his medical condition); *see also Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004) (recognizing that "hours of needless suffering" can constitute compensable harm).

### III.    Personal Involvement

Plaintiff has also alleged facts that support an inference that the named Defendants were personally and directly involved in the denial of needed care, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). It is true that no Defendant is mentioned by name in the body of the complaint. "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the

5

action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003).

Plaintiff asserts that a correctional officer advised him that he would have to file a grievance in order to generate a response from Dr. Raba or Dr. Rodriguez because Plaintiff's medical concerns were out of the hands of the correctional staff.[2] A prison official can be liable under 42 U.S.C. § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance process. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Verser v. Elyea*, 113 F.Supp.2d 1211, 1215 (N.D. Ill. 2000). Although the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983, *see Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001), the Court can assume at this stage of the proceedings that Dr. Raba and Dr. Rodriguez – both as staff physicians and as administrators of the health care unit responsible for evaluating grievances – were aware of Plaintiff's long-term situation, but took no action. Plaintiff may nevertheless wish to conduct discovery to determine whether he is suing the appropriate individuals – that is, those who had direct, personal involvement in the events giving rise to this lawsuit. In order for his claims to survive a motion for summary judgment, Plaintiff will have to demonstrate a triable issue of personal involvement.

With regard to Johnson, Plaintiff maintains that he personally heard two physicians telephone her to schedule an appointment for Plaintiff at the Pain Clinic. The Court is not aware of – and Defendants have not cited – any rule barring a Plaintiff to sue based, in part, on hearsay.

---

[2] As a general rule, a plaintiff may assert additional facts in his response to the motion to dismiss, so long as the new allegations are consistent with original pleading. *Brokaw v. Mercer County*, 235 F.3d 1000, 1006 (7th Cir. 2000); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

In any event, Johnson's personal involvement can reasonably be inferred because she is responsible, Plaintiff claims, for scheduling all inmate appointments to the Pain Clinic. Again, in order ultimately to prevail on his claims, Plaintiff will have to prove Johnson's personal involvement by a preponderance of the evidence.

In short, while a more fully developed record may establish that Plaintiff received constitutionally adequate medical care, or that the named Defendants were not personally responsible for any delays, the complaint is sufficient to withstand a motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint for failure to state a claim is denied. The Court is satisfied that the complaint sets forth a cognizable cause of action under 42 U.S.C. § 1983. Consequently, Defendants are directed to answer or plead within twenty-one days of the date of this order.

Finally, Plaintiff's motion "for the policy and procedure of sending detainees to Stroger's Pain Clinic from Cook County Jail" is denied. Discovery materials are not obtained by way of motion; rather, Plaintiff's counsel will undoubtedly serve discovery requests on opposing counsel pursuant to Fed. R. Civ. P. 26, *et seq.*

Dated: July 20, 2007

              **ENTERED**

              */s/ Amy J. St. Eve*
              **AMY J. ST. EVE**
              **United States District Court Judge**